

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Garrison, Jr.
Director, Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:                    Attention:  Mr. J. B. Draper

Opinion No. O-4470
Re: Authority of Department of Public
Safety to sign an agreement assuming
responsibility for the issuance of
a duplicate cashier's check.

        Your letter of request of February 25 asks the opinion
of this department upon the question whether the Department of
Public Safety has the statutory authority to enter into an agree-
ment with the First State Bank of Franklin, Texas, regarding
issuance of a duplicate cashier's check, by virtue of which agree-
ment the department will assume the responsibility of indemnifying
the First State Bank of Franklin against any loss it might suffer
by reason of the issuance of the duplicate cashier's check.

        It appears, according to your letter, that on Dec. 11,
1941, Driver's License Examiner O. R. Hale purchased cashier's
check No. 9783 in the amount of $30.50 from the First State Bank
in Franklin, Texas, for submission of driver's license fees to
your department. Check was placed in the mails at Bryan, Texas,
addressed to your department on that date, but at the time of
the writing of your letter had not been received and you assume
that it has been lost in transit. You advise that the president
of the First State Bank in Franklin was advised to stop payment
on this cashier's check and was contacted regarding issuance of
a duplicate cashier's check; that he refused to comply with your
request and advised you to inquire of this department as to
whether or not you have the authority to sign an agreement assum-
ing responsibility for the check in the event said instrument
should fall into fraudulent hands. It appears that the First
State Bank in Franklin is willing to issue the duplicate check,
if your department will sign an agreement of indemnity.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

It is a familiar rule that public officers have only such authority as is conferred upon them by law. The power to enter into contracts and agreements for and on behalf of the State of Texas must be expressly conferred by statute, or reasonably implied from the nature of powers which are expressly conferred upon the officers and departments of this State by statute. You are advised that, in the opinion of this department, the Department of Public Safety does not have the authority to enter into an agreement with the First State Bank in Franklin, Texas, to indemnify that bank against loss. Such authority is not expressly conferred by statute, and the authority to enter into agreements of such nature is not reasonably to be implied from the powers which are expressly conferred upon the Department of Public Safety by law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAR 27, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By

R. W. Fairchild
Assistant

RWF:AMM